**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge
(Successor Judge Docket)

**Dated: June 10 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-35029 |
| | ) | |
| Doris S. Sadoski | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor(s). | ) | SUCCESSOR JUDGE |
| | ) | |

### ORDER

This matter is before the court on the Motion of the Debtor to Reopen her Chapter 7 Case for the "limited purpose of filing reaffirmation agreement on home" [Doc. # 13] ("Motion"). On May 16, 2013, the court held a hearing on the Motion. [Doc. # 18]. The Debtor and the Debtor's attorney, Lafe Tolliver, appeared at the hearing. The sole issue before the court at the hearing concerned the timeliness of the Reaffirmation Agreement.

At the conclusion of the hearing, the court adjourned the matter until June 6, 2013. The purpose of the adjournment was to afford the Debtor the opportunity to see if the original reaffirmation agreement signed by the creditor, the Huntington National Bank, could be obtained. Consistent therewith, the Debtor, on April 24, 2013, filed with the court the original Reaffirmation Agreement. [Doc. #21] ("Agreement"). At the subsequent hearing held on June 6, 2013, the court, after examining the Agreement, orally denied

the Debtor's Motion to Reopen on the basis that the Agreement was not timely executed. The reasons for this determination are now set forth.

## FACTS

On November 6, 2012, the Debtor, Doris S. Sadoski, filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. [Doc. #1]. In her bankruptcy, the first meeting of creditors was set for December 19, 2012. At the time she filed her petition for relief, the Debtor was indebted to the Huntington National Bank. This indebtedness was secured by a mortgage on real property owned by the Debtor.

On January 8, 2013, the Debtor signed the Agreement to reaffirm the secured debt held by the Huntington National Bank. Debtor's attorney signed this document on the same date. On February 21, 2013, an order of discharge was entered in the Debtor's bankruptcy case. [Doc. #10]. Three months later, on May 21, 2013, a representative of the Huntington National Bank signed the Agreement. On April 24, 2013, the Agreement was filed with the Court. [Doc. # 21].

## DISCUSSION

Section 524(c) of the Bankruptcy Code allows a debtor to enter into an agreement with a creditor to reaffirm a debt. The effect of a reaffirmation agreement is to turn an otherwise dischargeable debt into a nondischargeable debt. Reaffirmation agreements are normally executed by a debtor in favor of a creditor who holds a nonavoidable lien on property the debtor owns and wishes to retain notwithstanding the bankruptcy.

Because of its effect on dischargeability, reaffirmation agreements interfere with a primary goal of bankruptcy law – that of affording a debtor a fresh start. Such agreements, therefore, are only enforceable if there has been strict compliance with the statutory requirements set forth in Bankruptcy Code § 524(c). *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1067 (9th Cir. 2002); *In re Herrera*, 380 B.R. 446, 450-51 (Bankr.W.D.Tex. 2007). Among the requirements needed to effectuate an enforceable reaffirmation agreement, § 542(c)(1) of the Code provides, in relevant part:

2

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if–
>
> > (1) such agreement was made before the granting of the discharge under section 727,
>
> . . .

The key language here is "made before the granting of the discharge."

In order for an agreement to be "made" as applied to § 524(c)(1), the agreement must be executed, which generally means that both the creditor and debtor have signed the agreement. *In re Collins*, 243 B.R. 217 (Bankr. D. Conn. 2000). The court cannot waive this requirement. *See Childress v. Middleton Arms, L.P. (In re Middleton Arms, Ltd. P'ship)*, 934 F.2d 723, 724 (6th Cir.1991) (court's equitable powers constrained by express provision of the Bankruptcy Code).

In this matter, although the Agreement was signed by the Debtor and her attorney on January 8, 2013 – well prior to the time the discharge was entered on February 21, 2013 – the agreement was not signed by the creditor, National City Bank, until May 21, 2013, a period of three months following the entry of the discharge. Accordingly, within the plain meaning of § 524(c)(1), the Agreement was not "made before the granting of the discharge."

In addition to this deficiency concerning § 524(c)(1), there exists an additional issue with respect to the Agreement. Section 524(c)(3) sets forth that a reaffirmation agreement is only enforceable if "such agreement has been filed with the court . . . ." Bankruptcy Rule 4008(a) provides that a "reaffirmation agreement shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the Code." FED.R.BANKR.P. 4008(a). In this case, given that the first meeting of creditors was set for December 12, 2012, the Agreement had to be filed no later than February 12, 2013. The Debtor, however, did not actually file the Agreement until April 24, 2013.

Bankruptcy Rule 4008(a) does afford the court discretion, at any time, to enlarge the deadline for filing a reaffirmation agreement. However, even if the court were inclined to do so, this issue is moot since the Agreement does not strictly comply with the "made before the granting of the discharge" requirement

3

of § 524(c)(1). In this regard, a debtor who feels that they cannot, on account of impending time constraints, satisfy the requirement of § 524(c)(1) can motion the court to "defer" the entry of discharge as is provided for in Bankruptcy Rule 4004(c)(2). No such motion, however, was made in this case before the entry of the Debtor's discharge.

Section 350(b) provides that a "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." In this case, because the Agreement sought to be filed by the Debtor does not comply with the requirements of § 524(c), the court is without authority to accord the Debtor the relief requested in her motion.

**IT IS THEREFORE ORDERED** that the Debtor's Motion to Reopen her Chapter 7 Case for the limited purpose of filing a reaffirmation agreement on her home [Doc. #13] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the putative reaffirmation agreement filed with the Court [Doc. #21] between the Debtor and the Huntington National Bank is hereby Stricken from the Record.